John E. Flaherty
Cynthia S. Betz
**McCarter & English, LLP**
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Phone: (972) 622-4444
jflaherty@mccarter.com
cbetz@mccarter.com

*Attorneys for Plaintiffs Pacira Pharmaceuticals, Inc., and Pacira BioSciences, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Pacira Pharmaceuticals, Inc., and Pacira BioSciences, Inc.,<br><br>          Plaintiffs,<br><br>   v.<br><br>eVenus Pharmaceuticals Laboratories Inc. and Jiangsu Hengrui Medicine Co. Ltd., a Chinese Pharmaceutical Co. and Fresenius Kabi USA LLC,<br><br>          Defendants. | Civil Action No. 2:21-cv-19829-MCA-JRA |

## DISCOVERY CONFIDENTIALITY ORDER

**WHEREAS**, Plaintiffs Pacira Pharmaceuticals, Inc., and Pacira BioSciences, Inc. ("Plaintiffs" or "Pacira") and Defendants eVenus Pharmaceuticals Laboratories Inc. ("eVenus"), Jiangsu Hengrui Pharmaceuticals Co. Ltd. ("Jiangsu"), and Fresenius Kabi USA LLC ("Fresenius") (collectively, "Defendants") are parties to Civil Action No. 2:21-cv-19829-MCA (the "Action" or "litigation");

**WHEREAS**, the parties to the Action believe that one or more of them will or may be

required to disclose to another party certain documents, things, and information that constitute or contain trade secrets, technical know-how, or other confidential or proprietary research, development, business, commercial, or financial information relating to the subject matter of the Action;

**WHEREAS**, the parties consider such information to be confidential and proprietary within the meaning of Fed. R. Civ. P. 26(c)(1)(G), *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) and *Glenmede Trust Co. v. Thompson*, 56 F.3d 476 (3d Cir. 1995) and, therefore, mutually desire that a Discovery Confidentiality Order limiting use, access to, and disclosure of such information be entered;

**WHEREAS**, to preserve the legitimate business interests of the parties or nonparties in their confidential information without unduly encroaching upon the public's right to be informed of judicial proceedings in accordance with Local Civil Rule 5.3;

**WHEREAS**, a party seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record, in accordance with Local Civil Rule 5.3;

**WHEREAS**, the parties contemplate that confidential information produced in the Action may be produced by a nonparty, and the parties also seek to facilitate the production and protection of such confidential information;

**WHEREAS**, the parties have exchanged and/or expect to exchange discovery in connection with this Action and recognize that confidential information may be disclosed in the course of this discovery, and in other proceedings in this matter;

**WHEREAS**, the parties desire to limit the extent of disclosure and use of such confidential information, and to protect such confidential information from unauthorized use and/or further disclosure, and wish to ensure that no advantage is gained by any party by the use of such

confidential information which could not have been gained had discovery in the Action not occurred;

**WHEREAS**, the Action involves highly technical subject matter requiring discovery of trade secrets and proprietary information pertaining to, among other things, active pharmaceutical ingredients, drug formulations, manufacturing processes and techniques, scientific research and development, and other sensitive competitive information; and

**WHEREAS**, the parties have consented to the entry of this Discovery Confidentiality Order pursuant to Fed. R. Civ. P. 26(c)(1)(G) and Local Civil Rule 5.3 and the Court having considered the foregoing and for good cause shown;

**IT IS** on this __12th___ day of ____April_____, 2022,

**ORDERED**, that the following provisions shall govern the conduct of further proceedings in the Action:

## Definitions

1.      (a)      The term "Highly Confidential Information" shall mean any tangible thing or oral testimony that contains or reveals what a party or nonparty reasonably believes to be its trade secret, business confidential, or proprietary information.  It may include, without limitation, confidential and/or proprietary information including, but not limited to, trade secrets, pertaining to or included in (i) marketing, sales, revenues, profits, forecasts, or business plans or strategies for any existing products or products in development; (ii) scientific, regulatory, or technical information relating to, referring to, or concerning (but excluding publicly available scientific information and publications) EXPAREL®, Pacira's NDA 204026, or eVenus's Abbreviated New Drug Application ("ANDA") and/or any associated product(s); (iii) scientific, regulatory, or technical information relating to, referring to, or concerning past, current, or future products other than bupivacaine-containing drug products; (iv) past, current, or future plans regarding treatment

indications for bupivacaine-containing drug products other than the treatment indications for which United States Food and Drug Administration ("FDA") approval is or has been sought; (v) patent applications that are not yet published; and (vi) information of nonparties which the producing or designating party is under an obligation to maintain in confidence. All documents, copies, abstracts, excerpts, analyses, notes or other writings that contain, reflect, reveal or otherwise disclose such confidential information shall also be deemed "Highly Confidential Information." Information originally designated as "Highly Confidential Information" shall not retain that status after any ruling by the Court denying such status to it. Each party shall act in good faith in designating information as "Highly Confidential Information."

(b)     The term "Party" means Pacira, eVenus and/or Jiangsu, Fresenius, and/or any party subsequently added to this litigation in accordance with the terms of Paragraph 31.

(c)     The term "Producing Party" means the Party or nonparty producing documents or information as Highly Confidential Information under this Order.

(d)     The term "Receiving Party" means the Party to whom Highly Confidential Information is produced.

### Designation of Highly Confidential Information

2.     Each Producing Party who produces or discloses any material that it believes comprises Highly Confidential Information may so designate it by marking the document, information, thing, or portion thereof containing the information "HIGHLY CONFIDENTIAL," as appropriate. When documents are produced for inspection, the documents shall be treated by the Receiving Party as "Highly Confidential Information" until copies are provided. Deposition testimony will be treated as "Highly Confidential Information" if designated either on the record during the deposition or in writing after receipt of the transcript, unless the Court orders that such testimony is not Highly Confidential Information. If the transcript contains Highly Confidential

Information, each transcript shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER." For non-written material, such as recordings, magnetic media, photographs, and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner.

3.      If any Highly Confidential Information is produced by a nonparty to this litigation, such a nonparty shall be considered a Producing Party within the meaning of that term as it is used in the context of this Order and each of the Parties shall be treated as a Receiving Party. Highly Confidential Information that originated with a nonparty may be designated as such and shall be subject to the restrictions on disclosure specified herein.

4.      In the event any Producing Party produces Highly Confidential Information that has not been designated as such or not correctly designated, the Producing Party may designate or redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information, in which event the Parties shall henceforth treat such information in accord with this Order, and shall undertake their best efforts to correct any disclosure of such information contrary to the redesignation, including retrieving any documents from persons not qualified to receive them under the redesignation and informing such persons that they should not further use or disseminate the information thereon. No demonstration or proof of error, inadvertence, or excusable neglect by the designating Party shall be required for such redesignation, with the following exception: corrections to the designation of documents or information used in hearings, and trial by the Producing Party must be made contemporaneously or else are waived, but only in situations where the nature of the hearing, deposition, or trial would otherwise be inconsistent with the designation

sought (by way of nonlimiting example, redesignation must be contemporaneous in a public hearing where a party seeks to designate a document as "Highly Confidential," but redesignation need not be contemporaneous in a sealed hearing where a party seeks to designate a document as "Highly Confidential").

5.      A Party shall not be obligated to challenge the propriety of any designation of Highly Confidential Information at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to the designation.  In the event that any Party to the Action disagrees at any stage of the Action with any designation, such Party shall provide written notice of its disagreement with the designation to the Producing Party.  The Parties shall first try to dispose of such dispute in good faith on an informal basis without judicial involvement.  If an impasse has been reached, the Party challenging the designation may request appropriate relief from the Court within ten (10) business days of the impasse being reached.  The burden of proving that information has been properly designated is on the Producing Party.  Pending a determination by the Court, such information shall be treated under this Order as "Highly Confidential Information" as designated by the Producing Party.  The Parties agree that designating information as Highly Confidential Information is improper if such information (i) can be shown to be generally available to the public at the time of such designation; or (ii) becomes part of the public domain or publicly known or available by publication or otherwise not as the result of any unauthorized act or omission on the part of the non-designating Party or any nonparty.

**Disclosure and Use of Highly Confidential Information**

6.      (a)     Subject to Paragraphs 11-15, Highly Confidential Information of the Producing Party may be disclosed, summarized, described, revealed, or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following persons identified in Paragraphs 6(a)(i)-(xi).

(i)        outside counsel of record for Pacira and Defendants, and employees of such counsel, who, after receipt of Highly Confidential Information, and in addition to the other terms of this Discovery Confidentiality Order, (A) shall not use any other party's or any nonparty's Highly Confidential Information for any purpose other than in connection with this litigation; (B) shall not disclose to the FDA, the PTO, or any nonparty, Highly Confidential Information;

(ii)       two (2) designated in-house personnel, of a Party, who have a need to know Highly Confidential Information to fulfill their duties and responsibilities in connection with this litigation, provided such in-house personnel have complied with Paragraph 14 hereof; the designated in-house personnel for the Parties being as follows:

For Pacira: Kristen Williams; Elena McDermott;

For Fresenius: Ryan Daniel; TBD

No disclosure of Highly Confidential Information may occur prior to the expiration of five (5) business days from the date of service of the written notice of intent to disclose unless consent is granted earlier by the Producing Party or Ordered by the Court.  Consent pursuant to the provisions of this paragraph shall not be unreasonably withheld.  If the Producing Party objects to the disclosure and gives written notice thereof within five (5) business days, and the parties are unable to resolve the objection, Pacira and Defendants must file a letter application to the Court pursuant to L. Civ. R. 37.1;

(iii)      independent experts and consultants and their staff (excluding current and former directors and officers or employees of the Parties) retained to assist counsel for the Parties in the conduct of this litigation, provided such independent experts and consultants have complied with Paragraph 14 hereof;

(iv)      the Court and its employees and the jury;

(v)      court reporters and videographers;

(vi)     photocopy services;

(vii)    professional translators who are retained by the attorneys for the Parties for the purposes of the Action;

(viii)   graphics or design consultants retained to assist in the Action;

(ix)     non-technical jury or trial consultants and persons employed or retained by them solely in providing litigation support services to the Parties' outside counsel law firms for the Action;

(x)      document imaging and database services and consultants retained to set up, maintain, and/or operate litigation databases for the Action; and

(xi)     any others as ordered by the Court or to whom the Producing Party has given written consent.

7.      Nothing in this Discovery Confidentiality Order shall prevent disclosure of Highly Confidential Information if the Producing Party consents to such disclosure or if the Court, after notice to the Producing Party, orders such disclosure.

8.      Nothing in this Discovery Confidentiality Order shall prevent disclosure of Highly Confidential Information of a Producing Party to a fact witness of that same Producing Party designated under Rule 30(b)(6) to testify on behalf of a Producing Party during a deposition or testifying at trial.  Additionally, nothing in this Discovery Confidentiality Order shall prevent disclosure of Highly Confidential Information of a Producing Party to a fact witness of that same Producing Party (at a deposition or at trial) who is not designated to testify under Rule 30(b)(6) as long as the Highly Confidential Information relates to his or her service or employment and to a project or work that the witness was involved in so that it is reasonable to believe that the witness

may have knowledge related to the Highly Confidential Information, and their counsel, provided that the information was authored by, created by, addressed to, received by, signed by, or is otherwise established to have been known to the witness or related to a project or work activities in which the witness was involved; but only at deposition, trial, or court hearing, and the good faith preparation therefor.

9.      Subject to the other requirements of this Discovery Confidentiality Order, including Paragraph 9, nothing herein shall prevent a person that has received Highly Confidential Information pursuant to Paragraph 6 herein from reviewing or evaluating, or from participating in and providing input on discussions pertaining to, the validity and/or enforceability of any claim or claim amendment for patents unrelated to liposomal bupivacaine (including but not limited to processes to manufacture a liposomal bupivacaine product) that has been properly drafted or amended subject to this Paragraph 9, provided that such in-house personnel (i) does not engage, formally or informally, in the preparation, prosecution, or supervision of, or the substantive assistance with, the drafting or amending of patent claims in the U.S. or abroad pertaining to liposomal bupivacaine (including but not limited to processes to manufacture a liposomal bupivacaine product) for one year following conclusion of this Action; (ii) does not, formally or informally, amend, draft, or otherwise substantially assist in the drafting or amending of such patent claims pertaining to liposomal bupivacaine (including but not limited to processes to manufacture a liposomal bupivacaine product) in any post-grant proceeding (e.g., inter partes reviews, post grant reviews or reissue or reexamination proceedings at the U.S. Patent and Trademark Office or the Patent Trial and Appeal Board or pre- or post-grant opposition proceedings or invalidation proceedings before a foreign patent office or court) for one year following conclusion of this Action; and (iii) does not engage, formally or informally, in the

preparation or supervision of, or the substantive assistance with, any FDA proceedings (other than related to the prosecution of Plaintiffs' NDA or Defendants' ANDA with the limitations on use of Highly Confidential Information as below) relating to Plaintiff's NDA products or Defendants' ANDA products, including but not limited to citizen petitions for a year following conclusion of this Action.  For avoidance of doubt, except for drafting, amending, or crafting claims for patents pertaining to liposomal bupivacaine (including but not limited to processes to manufacture a liposomal bupivacaine product), such in-house personnel may work on, participate directly or indirectly in, or have primary responsibility for inter partes reviews, post grant reviews, or reexamination proceedings at the U.S. Patent and Trademark Office or the Patent Trial and Appeal Board or pre- or post-grant opposition proceedings or invalidation proceedings before a foreign patent office or court related to liposomal bupivacaine (including but not limited to processes to manufacture a liposomal bupivacaine product).  For further clarity, nothing in this Discovery Confidentiality Order shall prevent an individual who receives Highly Confidential information from participating in or directly supervising work before the FDA solely for obtaining or maintaining approval of, or seeking amendments to, Plaintiffs' NDA or Defendants' ANDAs and/or the DMFs referenced therein so long as the individual does not use Highly Confidential information of another party in connection with such work.  Moreover, nothing in this Discovery Confidentiality Order shall prevent a party from use of and discussion of its own Highly Confidential information in the ordinary course of business so long as individuals do not use another party's Highly Confidential information in connection with such work.  If a party wishes to substitute another individual in this paragraph 6(a)(ii), the party must notify all other parties to this Order.

10.     By written agreement of the Parties, or upon motion and order of the Court, the list of individuals designated under Paragraph 6 to whom Highly Confidential Information may be disclosed may be modified or expanded.

11.     If a Producing Party seeks to protect Highly Confidential Information from public disclosure or use during a trial, court appearance or hearing which is open to the public (a "Court Disclosure"), the Producing Party shall make an application to the Court to restrict such disclosure or use, unless consent from the Receiving Party is previously obtained.

12.     Any Party filing any document, material, or information designated by another Party as "Highly Confidential Information" shall move pursuant to Local Civil Rule 5.3(c) to seal such document, material, or information to prevent public disclosure.  The Party making such a motion also shall designate any document, material, or information which is the subject of the motion as "confidential materials" pursuant to Local Civil Rule 5.3(c)(3), and take appropriate action necessary to assure that such document, material or information shall remain sealed until such time as the motion is decided, and before filing any redacted public copy, a "proposed redacted copy" shall be provided to the opposing party(ies), no later than 5:00 p.m. Eastern the day before the filing deadline, to allow additional redactions to be designated and/or unnecessary redactions to be removed.  The parties will work together in good faith to jointly prepare the motion and supporting documents required by Local Civil Rule 5.3(c)(3) and, should the need arise, will seek additional time to file any redacted public copy.

Should a Party fail to properly file documents or materials containing Highly Confidential Information in accordance with this Order, the Local Civil Rules, or the ECF Polices, any Party who in good faith believes that filing under seal is required may file a motion with the Court to request an order sealing such documents or materials.  Nothing in this provision relieves a Party

of liability for damages caused by the electronic filing of Highly Confidential Information or for damages caused by failure to properly file under seal documents or materials containing Highly Confidential Information.

13.    Any party serving any expert report, disclosure, contention, or discovery response containing that party's or a third party's Highly Confidential Information shall provide redacted versions of that expert report, disclosure, contention, or discovery response, in which the serving party's or third party's Highly Confidential information is redacted.  Those redacted versions must be served within seven (7) business days of service of the document designed as "Highly Confidential."

14.    No in-house personnel identified in Paragraph 6(a)(ii) shall be given access to Highly Confidential Information of a Party other than the Party by whom they are employed or otherwise retained or engaged, unless such person shall first have signed a Declaration of Compliance with this Order in the form attached as Exhibit A hereto.  No expert or consultant identified in Paragraph 6(a)(iii) shall be given access to Highly Confidential Information of a Party other than the Party by whom they are employed or otherwise retained or engaged, unless such person shall first have signed a Declaration of Compliance with this Order in the form attached as Exhibit A hereto.

15.    Before any in-house personnel other than the specific individuals identified by name in Paragraph 6(a)(ii) may be given access pursuant to Paragraph 6(a)(ii) to Highly Confidential Information of a Party other than the Party by whom they are employed or otherwise retained or engaged, the Party seeking to provide such access shall deliver a copy of the Declaration referred to in Paragraph 14, fully executed by such person, and written notice (by

email) to the attorneys for the Producing Party of the intention to make such disclosure.  The notice shall state the individual's name and position.

16.     Before any independent expert or consultant retained to assist counsel for the Parties in the conduct of this litigation may be given access pursuant to Paragraph 6(a)(iii) to Highly Confidential Information of a Party other than the Party by whom they are employed or otherwise retained or engaged, the Party seeking to provide such access shall deliver a copy of the Declaration referred to in Paragraph 14, fully executed by such person, and written notice (by email) to the attorneys for the Producing Party of the intention to make such disclosure.  The notice shall state the name and address of the person to whom disclosure is proposed, a list of testimony given in the past four (4) years, and include a current curriculum vitae.  For proposed disclosures to persons identified in Paragraphs 6(a)(ii)-(iii), the Producing Party, within five (5) business days from receiving service of written notice provided pursuant to Paragraph 15 hereof, may object to such disclosure by delivery (by email) of a written notice of objection on the attorneys for the Party seeking to make the disclosure, stating the reasons for the objection.  No disclosure of Highly Confidential Information may occur prior to the expiration of seven (7) business days from the date of service of the written notice of intent to disclose unless consent is granted earlier by the Producing Party or Ordered by the Court.  Consent pursuant to the provisions of this paragraph shall not be unreasonably withheld.  If the Producing Party objects to the disclosure and gives written notice thereof, and the Parties are unable to resolve the objection, the Party opposing the disclosure must file a letter application to the Court pursuant to L. Civ. R. 37.1 within seven (7) business days of an impasse being reached, unless that amount of time is extended by mutual agreement of the involved Parties; otherwise, the information may be disclosed to the identified person.  If such an application is made, no disclosure may be made until the objection is resolved

by agreement of the designating and Receiving Parties or the Court denies the application.  Failure to timely object to the disclosure based on information then-disclosed in the written notice pursuant to Paragraph 15 hereof shall operate as a waiver of the objection.  In the event that an application is made, the objecting Party shall have the burden of proving that disclosure should not occur.  For the avoidance of doubt, the procedure described in this Paragraph 16 need not be followed for the specific individuals identified by name in Paragraph 6(a)(ii) as of the date that this Order is entered. The specific individuals identified by name in Paragraph 6(a)(ii) as of the date this Order is entered may be given access to Highly Confidential Information of a Producing Party provided pursuant to this Order immediately after both of the following have occurred: (i) this Order has been entered by the Court, and (ii) the Declaration referred to in Paragraph 14 has been provided to the Producing Party.  If any individual is subsequently identified as an individual to receive Highly Confidential Information under Paragraph 6(a)(ii), then the disclosure and objection provisions of this paragraph shall apply.

17.     Nothing herein shall prevent a Producing Party from disclosing its own Highly Confidential Information in any manner that it considers appropriate.

18.     Nothing herein shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying upon his or her examination of Highly Confidential Information.  In rendering such advice and in otherwise communicating with his or her client, counsel shall not disclose any Highly Confidential Information if such disclosure would be contrary to the provisions of this Discovery Confidentiality Order.

19.     If a Party is served with a subpoena, discovery request in another action, or any other request seeking by legal process the production of documents, things, information, or other

material produced to it and designated as Highly Confidential Information in this Action, such Party shall promptly notify the Producing Party so as to provide the Producing Party a reasonable opportunity to object to the production.

20.     If an additional Party joins or is joined in the Action, the newly joined Party shall not have access to Highly Confidential Information until the Parties agree to a supplemental Discovery Confidentiality Order governing the protection of Highly Confidential Information.

21.     Any third Party from whom discovery is sought in the Action may designate some or all of the documents, things, information, or other material as Highly Confidential Information under this Discovery Confidentiality Order.  If it does so, then each Party to the Action will have with respect to such Highly Confidential Information the same obligations that Party has with respect to Highly Confidential Information of another Party to the Action.

### Duration of Order, Objections, Modifications

22.     This Discovery Confidentiality Order shall remain in force and effect indefinitely until modified, superseded, or terminated by Order of this Court, which may be entered pursuant to agreement of the Parties hereto.  This Discovery Confidentiality Order shall continue in effect after termination of the Action and continue to be binding upon all persons to whom Highly Confidential Information is disclosed hereunder.

23.     In the event that a Receiving Party is dismissed from the Action prior to the final termination of the Action, the Receiving Party shall, within sixty (60) calendar days of dismissal, either return to the Producing Party or destroy all Highly Confidential Information in its possession, including, but not limited to, information stored in electronic form.  In either event, the Receiving Party shall describe the materials returned or destroyed and certify their return or destruction, with the exception that outside counsel may retain subject to the provisions of this

Discovery Confidentiality Order one copy of the pleadings or other papers filed with the Court or served in the course of this litigation, deposition transcripts, deposition exhibits, hearing transcripts, and any hearing or trial record (including without limitation all bench memoranda, PowerPoint slides, and exhibits).

24.    Upon final termination of the Action (including all appeals) the Receiving Party shall, within sixty (60) calendar days of such termination, either return to the Producing Party or destroy all Highly Confidential Information in its possession, including, but not limited to, information stored in electronic form.  In either event, the Receiving Party shall describe the materials returned or destroyed and certify their return or destruction, with the exception that outside counsel may retain subject to the provisions of this Discovery Confidentiality Order one copy of the pleadings or other papers filed with the Court or served in the course of this litigation, deposition transcripts, deposition exhibits, hearing transcripts, and any hearing or trial record (including without limitation all bench memoranda, PowerPoint slides, and exhibits).

25.    If the Receiving Party desires to disclose Highly Confidential Information to persons not qualified to receive it under this Order or if the Receiving Party disagrees with a designation by the Producing Party, then the Receiving Party and the Producing Party shall first try to resolve such dispute.  If the dispute cannot be resolved, either party may seek a ruling from the Court.  Pending a determination by the Court, such information shall be treated under this Order as Highly Confidential Information as designated by the Producing Party.

**No Waiver of Privileges**

26.    If information that is otherwise properly subject to a claim of attorney-client privilege, attorney work-product immunity, or any other privilege or immunity protecting it from discovery is inadvertently produced, the fact or circumstances of such inadvertent production shall in no way be relied upon as a ground to support any argument that the information is no longer

subject to the privilege or immunity.  Nor shall such inadvertent production prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work-product immunity, or other ground for withholding production to which the Producing Party or other person otherwise would be entitled, either in whole or in part, in this Action or in any other proceeding.  If a written claim of inadvertent production is made pursuant to this paragraph, upon receipt of such written notice, the Receiving Party shall promptly destroy or return to the Producing Party (i) the inadvertently produced material, (ii) any and all copies or reproductions thereof, and (iii) any and all copies of summaries or notes based thereon or relating thereto, of which the Receiving Party is aware.

However, if the Receiving Party wishes to challenge the claim that the information would have properly been subject to a privilege or immunity before it was inadvertently produced, it may retain one copy and must notify the Producing Party of its challenge within five (5) business days of receiving the notice of inadvertent production, and move the Court for a ruling on the propriety of the claim of privilege or immunity within ten (10) business days of receiving the notice of inadvertent production, unless such time period is extended by mutual agreement of the involved Parties.  During the pendency of such motion, the Receiving Party may retain the single copy but shall make no other use or disclosure of the subject material or the information contained therein. The Producing Party shall bear the burden of proving that the inadvertently produced documents or materials are privileged or immune from discovery.  Within five (5) business days of the Receiving Party's timely filing of an application pursuant to L. Civ. R. 37.1 seeking an order compelling production of the inadvertently produced documents or materials, the Producing Party shall provide to the Court a copy of the inadvertently produced documents or materials for in camera inspection by the Court.  A copy of the cover letter forwarding the inadvertently produced information for in camera inspection by the Court shall be provided to the moving Party.  If the

Receiving Party prevails on its challenge to the Producing Party's claim of privilege or immunity, the Producing Party shall promptly reproduce the material to the Receiving Party. If the Receiving Party does not prevail on its challenge to the Producing Party's claim of privilege or immunity, it must certify to the Producing Party within five (5) business days of the Court's decision that it has destroyed the remaining single copy.

27.     If any Highly Confidential Information is disclosed through inadvertence or otherwise by a Receiving Party to any person or Party not otherwise authorized to receive such information under this Discovery Confidentiality Order, then the Receiving Party responsible for the disclosure shall (i) use its best efforts to obtain the return of such information and to bind such unauthorized person or Party to the terms of this Discovery Confidentiality Order; (ii) within three (3) business days of the discovery of such disclosure, inform such person or Party of all provisions of this Discovery Confidentiality Order and request that such person or Party sign the Declaration of Compliance attached hereto as Exhibit A; and (iii) within five (5) business days of the discovery of such disclosure, inform the Producing Party of all pertinent facts relevant to such disclosure, including the identity of such person or Party and the information disclosed thereto.

**No Waiver of Right to Appropriately Withhold or Redact**

28.     Notwithstanding the provisions of this Discovery Confidentiality Order, Parties may redact from any document, whether or not designated Highly Confidential Information under this Order, any information containing privileged material or material protected by work-product immunity.

29.     To protect against unauthorized disclosure of Highly Confidential material, and to comply with all applicable state and federal laws and regulations, and, where applicable, foreign data protection laws or other secrecy and privacy obligations, the Producing Party may redact from produced documents, materials, and other things, the following items, or any other item(s)

protected from disclosure by statute or decisional authority or agreed upon by the parties or ordered by the Court: (i) the names, street addresses, Social Security numbers, tax identification numbers, and other personal identifying information of patients, health care providers, and individuals in clinical studies or adverse event reports, (ii) the Social Security numbers, tax identification numbers, and other personal identifying information of employees in any records, and (iii) other information as may be required by foreign privacy, state secrets, or data protection laws.  General identifying information, however, such as patient or health provider numbers, shall not be redacted unless required by state or federal law.

### Amendment

30.    This Discovery Confidentiality Order may be amended at any time upon written agreement of the parties.  This Discovery Confidentiality Order shall remain in force and effect indefinitely until modified, superseded, or terminated by order of this Court.

31.    In the event that a new Party is added, substituted, or brought in, this Discovery Confidentiality Order will be binding on and inure to the benefit of the new Party, subject to the right of the new Party to seek relief from or modification of this Discovery Confidentiality Order.

### Other Remedies

32.    Nothing herein shall prevent any Party or nonparty from seeking additional or different relief from the Court not specified in this Order.

### Miscellaneous

33.    No Party shall be responsible to another Party for any use made of information that was produced and not designated as Highly Confidential Information, except to the extent a Party is required to perform the duties set forth in Paragraph 4 above.

34.     Nothing in this Discovery Confidentiality Order shall prejudice the right of any Party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

35.     Nothing in this Discovery Confidentiality Order shall prejudice the right of any Party to seek at any time a further Order modifying this Discovery Confidentiality Order.

36.     Notice under this Discovery Confidentiality Order shall be to the Parties as follows, unless this provision is modified by the Parties in writing:

- notice to Pacira shall be made by email to Shannon M. Bloodworth, Perkins Coie LLP, 700 Thirteenth Street, N.W., Suite 800, Washington, D.C. 20005-39060 at SBloodworth@perkinscoie.com, with a copy to Perkins Coie LLP c/o EXPAREL Litigation, 33 E Main St. Ste 201, Madison, WI 53703-3095 at Exparel@perkinscoie.com;

- notice to eVenus shall be made by email to Daryl L. Wiesen, Goodwin Procter LLP, 100 Northern Avenue, Boston, MA 02210 at DWiesen@goodwinlaw.com, with a copy to DG-Pacira@goodwinlaw.com.

IT IS SO STIPULATED AND AGREED this 25 day of March 2022:

| Date: March 25, 2022 | |
|---|---|
| */s/ Eric I. Abraham* | */s/ Cynthia S. Betz* |
| Eric I. Abraham<br>**HILL WALLACK LLP**<br>21 Roszel Road<br>Princeton, New Jersey 08540<br>Telephone: 609.924.0808<br>eabraham@hillwallack.com<br>wmurtha@hillwallack.com | John E. Flaherty<br>Cynthia S. Betz<br>**MCCARTER & ENGLISH, LLP**<br>Four Gateway Center<br>100 Mulberry St.<br>Newark, NJ 07102<br>Telephone: 972.622.4444<br>jflaherty@mccarter.com |

| | |
|---|---|
| *Of Counsel:* | cbetz@mccarter.com |
| | |
| Daryl L. Wiesen | *Of Counsel*: |
| **GOODWIN PROCTER LLP** | |
| 100 Northern Avenue | Shannon M. Bloodworth |
| Boston, MA 02210 | **PERKINS COIE LLP** |
| Telephone: 617.570.1000 | 700 Thirteenth Street, N.W., Suite 800 |
| DWiesen@goodwinlaw.com | Washington, D.C. 20005-3960 |
| JBennett@goodwinlaw.com | Telephone: 202.654.6200 |
| | Facsimile: 202.654.6211 |
| Alison Siedor | SBloodworth@perkinscoie.com |
| **GOODWIN PROCTER LLP** | |
| 1900 N Street, N.W. | David L. Anstaett |
| Washington, DC 20036 | Autumn N. Nero |
| Telephone: 202.346.4000 | Emily J. Greb |
| asiedor@goodwinlaw.com | **PERKINS COIE LLP** |
| | 33 E Main St, Ste 201 |
| | Madison, Wisconsin 53703-3095 |
| *Attorneys for Defendants eVenus* | Telephone: 608.663.7460 |
| *Pharmaceuticals Laboratories Inc. and* | Facsimile: 608.663.7499 |
| *Jiangsu Hengrui Pharmaceuticals Co. Ltd.,* | DAnstaett@perkinscoie.com |
| *a Chinese Pharmaceutical Co., and* | ANero@perkinscoie.com |
| *Fresenius Kabi USA LLC.* | EGreb@perkinscoie.com |
| | |
| | *Attorneys for Plaintiffs Pacira* |
| | *Pharmaceuticals, Inc., and Pacira* |
| | *BioSciences, Inc.* |

**IT IS SO ORDERED:**

_____     Dated:  __April 12, 2022_____

Hon. Jose R. Almonte, U.S.M.J.

**Exhibit A**

| | |
|---|---|
| Pacira Pharmaceuticals, Inc., and Pacira BioSciences, Inc., | Civil Action No. 2:21-cv-19829-MCA |
| Plaintiffs, | |
| v. | |
| eVenus Pharmaceuticals Laboratories Inc. and Jiangsu Hengrui Medicine Co. Ltd., a Chinese Pharmaceutical Co., and Fresenius Kabi USA LLC, | |
| Defendants. | |

## <u>DECLARATION OF COMPLIANCE</u>

I, _____ do declare and state as follows:

1.      I live at _____.  I am employed as (state position)

_____ by (state name and address of employer)

_____.

2.      I have read the Discovery Confidentiality Order entered in this case, a copy of which has been given to me.

3.      I understand and agree to comply with and be bound by the provisions of the Discovery Confidentiality Order, including that upon receipt of any Highly Confidential Information, I will be personally subject to it, and to all of its requirements and procedures.

4.      I agree that I will be subject to the jurisdiction of the United States District Court for the District of New Jersey for purposes of enforcement of the Discovery Confidentiality Order.

5.      I understand that unauthorized disclosure of any designated Highly Confidential Information, or its use for any purpose other than this litigation, may constitute contempt of this

Court and may subject me to sanctions or other remedies that may be imposed by the Court and or potential liability in a civil action for damages by the Producing Party.

6.      At the final termination of this litigation, I will return to counsel or destroy all documents or things consisting of or containing Highly Confidential Information.

7.      I declare, as provided by 28 U.S.C. Section 1746, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____ day of _____, 20____.